UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TREON D. VAUGHN,

                Plaintiff,

v.                                              Case No. 17-cv-437-pp

WILLIAM GRIESBACH and
J.P. STADTMUELLER,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO WAIVE INITIAL PARTIAL FILING FEE (DKT. NO. 7), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING PLAINTIFF'S COMPLAINT AND DISMISSING CASE**

---

       The plaintiff, who is representing himself, was incarcerated at the Kenosha County Detention Center when he filed this complaint, alleging that the defendants violated his civil rights under 42 U.S.C. §1983. This order resolves the plaintiff's motion for leave to proceed without paying the filing fee and his motion to waive the initial partial filing fee. It also screens the plaintiff's complaint, and dismisses it for failure to state a claim.

I.    <u>Waiving the Initial Partial Filing Fee</u>

       The Prison Litigation Reform Act applies to this case, because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his lawsuit without prepaying the full case filing fee, as long as he meets

certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On April 12, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $17.65 on or before May 5, 2017. Dkt. No. 6. On April 19, 2017, the plaintiff filed a motion asking the court to waive the initial partial filing fee. Dkt. No. 7. He asserted that, despite earlier deposits, he has no regular income and has received no money since February 2017. Id. A review of the plaintiff's prisoner trust account statement shows that the plaintiff has no regular income, a zero balance in his account and a running balance of debt to the institution. Dkt. No. 5. The court concludes that the plaintiff doesn't have the money to pay the initial partial filing fee, and will grant the plaintiff's motion to waive it. Dkt. No. 7.

The court also will grant the plaintiff's motion to proceed without prepayment of the full filing fee. Dkt. No. 2. "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. §1915(b)(4). The court *will* require the plaintiff to pay the entire $350 fee over time. Because it appears that the plaintiff is now out of custody, however, the court cannot direct the institution to collect the filing fee according to 28 U.S.C. §1915(b)(2). The court will require the plaintiff to make payments to the court as he is able.

II.   Screening the Plaintiff's Complaint

When a plaintiff is proceeding *in forma pauperis* (*i.e.*, without prepaying the full filing fee), the law requires a court to dismiss the case if the court determines that the case is frivolous or malicious, fails to state a claim on which relief may be granted or seeks relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The court can most easily describe the allegations in the plaintiff's complaint in the context of several other cases he filed in the Eastern District of Wisconsin. In November 2016, the plaintiff filed three cases that were assigned to United States District Judge Stadtmueller. See Case Nos. 16-cv-1486, 16-cv-1499, 16-cv-1557 (E.D. Wis.). Judge Stadtmueller dismissed all three cases in a single order entered January 27, 2017. Id. The order stated that, while the judge had given the plaintiff "multiple opportunities" to follow the "appropriate procedures for demonstrating to the Court that he was

3

indigent," the plaintiff had not done so. See, *e.g.*, Vaughn v. Litscher, *et al.*, 16-cv-1486-jps (E.D. Wis.) at dkt. no. 1, p. 2. Because the plaintiff hadn't followed the appropriate procedures, Judge Stadtmueller had ordered him to pay the filing fees by a date certain, but the plaintiff had not done that, either. Id. For these reasons, Judge Stadtmueller dismissed the cases without prejudice. Id.

On February 3, 2017, the plaintiff filed a new case that named Judge Stadmueller as a defendant. See Vaughn v. Stadtmueller, Case No. 17-cv-164-WCG (E.D. Wis.), dkt. no. 1. The plaintiff alleged that, in dismissing his three cases, Judge Stadtmueller had violated his civil rights under §1983, had conspired against him, and had acted in an arbitrary and capricious manner. Id. at 4. In addition to monetary damages, the plaintiff requested reinstatement of the three prior cases. Id. This case was assigned to United States District Judge William C. Griesbach. Judge Griesbach waived the initial partial filing fee and granted the plaintiff's motion for leave to proceed without prepaying the fee. Id. at Dkt. No. 9. He found, however, that the plaintiff had not stated a claim against Judge Stadtmueller, because the law says that a judge is immune from being sued based on rulings that he issues in the scope of his judicial capacity. Id. at dkt. 9, p. 3 (citing Dawson v. Newman, 491 F.3d 656, 660-661 (7th Cir. 2005)). Judge Griesbach dismissed the complaint against Judge Stadtmueller with prejudice and assessed the $350 filing fee. Id.

Just two weeks later, the plaintiff filed the complaint in this case, naming Judge Stadtmueller and Judge Griesbach as the two defendants. Dkt. No. 1. Once again, the plaintiff seeks damages and reinstatement of the three

4

cases Judge Stadtmueller dismissed. Id. at 4. He explains that, in the three cases Judge Stadtmueller dismissed, he had provided the court with all the documents he was able to obtain, but that he wasn't able to walk to the inmate trust account specialist's office, and that the institution would not give him the documents without charging him for them (and he could not pay). Id. at 3. He alleges that the trust account people in the institution business office lied, and failed to provide the documents he needed. Id. at 4. He asserts that Judge Griesbach helped Judge Stadtmueller violate his rights. Id. at 2.

The plaintiff attached to the complaint in this case twenty-seven pages of documents. Dkt. No. 1-1. These documents show that he applied for a legal loan to try to pay the filing fee, and that he made numerous disbursement requests to ask for money to pay the filing fee.

The court notes that the approach the plaintiff has taken to pursue the claims in the three cases Judge Stadtmueller dismissed is not helping him. Judge Stadtmueller dismissed those three cases "without prejudice"—that means that the plaintiff is free to file the cases again. To do that, he needs only to file new complaints; the clerk's office will file new cases when it receives those new complaints. Because the plaintiff paid nothing toward the filing fees in those three cases (and there is no court order requiring him to pay the filing fees), starting over should not create any financial hardship for him. Then, in the new cases, he can file motions to proceed without prepaying the filing fee. He can provide the clerk's office with his inmate trust account statement for the six-month period preceding the date on which he files the complaint. If that

5

statement shows that the plaintiff doesn't have enough money to pay the filing fee, that will be sufficient for the court to consider his request.

Alternatively, the plaintiff could file motions in each of the three dismissed cases, asking Judge Stadtmueller to vacate those judgments and reopen the three cases. If the plaintiff chooses this option, however, he should be aware that courts will set aside judgments under Federal Rule of Civil Procedure 60(b) only if one of the circumstances listed in the rule applies. Russell v. Delco Remy Div. of Gen. Motors, 51 F.3d 746, 749 (7th Cir. 1995). Those circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

What will not help the plaintiff, however, is continuing to file new lawsuits, suing judges who dismiss his earlier lawsuits. Judge Griesbach was correct that judges are absolutely immune from lawsuits based on rulings they issue within the scope of their judicial authority. See Dawson v. Newman, 419 F.3d 656, 660-61 (7th Cir. 2005). If the plaintiff continues to sue judges who issue decisions he does not like, those lawsuits will continue to get dismissed, and he'll continue to owe the filing fees for them. If the plaintiff files any

additional cases suing judges for conduct that is part of their role as judge, the court may consider the complaint(s) frivolous and assess strike(s) under 28 U.S.C. §1915(g).

The court will dismiss this case because the plaintiff seeks monetary damages against defendants who have absolute immunity. As noted above, the court also will assess the $350 filing fee for this case. The plaintiff is free either to re-file his original three lawsuits, or to file motions in the three dismissed cases, asking Judge Stadtmueller to vacate his judgments and reopen those cases.

III. Conclusion

The court **GRANTS** the plaintiffs' motion to waive the initial partial filing fee. Dkt. No. 7.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court further **ORDERS** that the plaintiff shall pay the $350 filing fee. As he is able, he shall forward payments to the Clerk of Court, 517 U.S. Courthouse, Milwaukee, Wisconsin 53202. The payments shall clearly identify the case name and number in this case.

The court **DISMISSES** this case with prejudice under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for seeking monetary relief from defendants who are immune from such relief. The Clerk of Court will enter judgment accordingly.

7

**THE COURT CERTIFIES** that any appeal from this order would not be taken in good faith under 28 U.S.C. §1915(a)(3), unless the plaintiff offers *bona fide* arguments supporting his appeal.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30) days** of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). The plaintiff must file any motion under Federal Rule of Civil Procedure 59(e) within **twenty-eight (28) days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). The plaintiff must file any motion under Federal Rule of Civil Procedure 60(b) within a reasonable time—generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and

determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of March, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**